FILED
2011 Aug-08  PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NUMBER: 2:10-CV-2266-SLB** |
| | ) | |
| **CERTAIN REAL PROPERTY LOCATED AT 108 PRINCETON PARKWAY SW, BIRMINGHAM, ALABAMA, CONSISTING OF FOUR PARCELS,** together with all improvements, fixtures, and appurtenances thereon; | ) ) ) ) ) ) ) ) | |
| | | |
| **CERTAIN REAL PROPERTY LOCATED AT 200 PRINCETON PARKWAY SW, BIRMINGHAM, ALABAMA,** together with all improvements, fixtures, and appurtenances thereon; | ) ) ) ) ) ) | |
| | | |
| **CERTAIN REAL PROPERTY CONSISTING OF TWENTY-SIX ACRES LOCATED IN WALKER COUNTY, ALABAMA,** together with all improvements, fixtures, and appurtenances thereon; | ) ) ) ) ) ) | |
| | | |
| **CERTAIN REAL PROPERTY LOCATED 1401 LAFAYETTE STREET, SW, BIRMINGHAM, ALABAMA,** together with all improvements, fixtures, and appurtenances thereon; | ) ) ) ) ) ) | |

CERTAIN REAL PROPERTY )
LOCATED AT 212 RAILROAD )
AVENUE, ADAMSVILLE, )
ALABAMA, together with all )
improvements, fixtures, and )
appurtenances thereon; )

CERTAIN REAL PROPERTY )
LOCATED AT 5408 ROBIN CIRCLE, )
ADAMSVILLE, ALABAMA, together )
with all improvements, fixtures, and )
appurtenances thereon; )

CERTAIN REAL PROPERTY )
LOCATED AT 2317 ETOWAH )
STREET, TARRANT, ALABAMA, )
together with all improvements, )
fixtures, and appurtenances thereon; )

CERTAIN REAL PROPERTY )
LOCATED AT 357 SOUTH PARK, )
BIRMINGHAM, ALABAMA, together )
with all improvements, fixtures, and )
appurtenances thereon; )

CERTAIN REAL PROPERTY )
LOCATED AT 129 MILES AVENUE, )
BIRMINGHAM, ALABAMA, together )
with all improvements, fixtures, and )
appurtenances thereon; )

CERTAIN REAL PROPERTY )
LOCATED AT 3809 JEFFERSON )
AVENUE SW, BIRMINGHAM, )
ALABAMA, together with all )
improvements, fixtures, and )
appurtenances thereon, )
)
　　　Defendants. )

2

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss by Claimants, the Estate of Marsha B. Kinard and Ellen R. Hickel, or, in the Alternative, Motion for Declaratory Judgment in Favor of Claimants.  (Doc. 20.)[1]  Plaintiff, the United States of America, brought this civil forfeiture action seeking an order condemning and forfeiting the real-property defendants pursuant to 21 U.S.C. § 881(a)(7).  Claimants, Ellen R. Hickel and the Estate of Marsha B. Kinard,[2] claim an interest in the  real-property defendant, 108 Princeton Parkway SW.  Upon consideration of the record, the submissions of the parties and the relevant law, the court is of the opinion that claimants' Motion to Dismiss/Motion for Declaratory Judgment, (doc. 20), is due to be denied.

## MOTION TO DISMISS STANDARD

"A complaint for forfeiture in rem, such as the one in this case, must be made in accordance with Supplemental Rule G(2) for Certain Admiralty or Maritime Claims." *United States v. $22,010.00 in U.S. Funds*, No. 5:09-CV-198 (CAR), 2010 WL 1050410, *1 (M.D. Ga. Mar. 18, 2010)(citing  18 U.S.C. § 983(a)(3)(A)).  Rule G(8)(b)(i) provides, "A claimant who establishes standing to contest forfeiture may move to dismiss the action under

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]The Notice of Claim by the Kinard Estate and Hickel was filed by Paul Kinard, "acting individually, and on behalf of the Estate of Marsha B. Kinard, and Ellen R. Hickel." (Doc. 19.)  However, the Motion to Dismiss/Motion for Declaratory Judgment, (doc. 20), is filed on behalf "the Claimants, [t]he Estate of Marsha B. Kinard and Ellen R. Hickel;" it does not mention Paul Kinard.

Rule 12(b) [of the Federal Rules of Civil Procedure]."   However, in addition to stating a claim for which relief can be granted, a civil forfeiture complaint must contain the following information:

> The complaint must:
>
> (a)  be verified;
>
> (b)  state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
>
> (c)  describe the property with reasonable particularity;
>
> (d)  if the property is tangible, state its location when any seizure occurred and — if different — its location when the action is filed;
>
> (e)  identify the statute under which the forfeiture action is brought; and
>
> (f)  state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supp. Rule G (2).

## DISCUSSION

Claimants contend that they have an interest in the real-property defendant, 108 Princeton Parkway SW, based upon a mortgage, which they contend "has priority over any claims of the United States of America in the instant forfeiture action."  (Doc. 20 ¶ 4.) Therefore, the claimants argue "they are entitled to a dismissal of the action against the [the real-property defendant], or that, in the alternative, they are entitled to a declaratory judgment that this claim take priority over any claims possessed by the United States of America." (*Id.* ¶ 5.)

In response, the United States argues, "Supplemental Rule G quite clearly provides only two avenues for a claimant with statutory standing to move for the dismissal of a forfeiture complaint:  either by filing a motion under Civil Procedure Rule 12, or by challenging the sufficiency of the complaint as measured against Supplemental Rule G(2)." (Doc. 25 at 5 [footnote omitted].)  Moreover, it contends that this court cannot declare the claimants' mortgage to be superior to the government's claim because such a decision would be  premature as the government has not established its claim to the property.  (*Id*. at 7-8.)

The claimants have submitted a copy of their mortgage in support of their Motion to Dismiss.  However, because this is a Motion to Dismiss, and not a Motion for Summary Judgment, the court will not consider the mortgage in deciding the claimants' Motion to Dismiss.  *See* Fed. R. Civ. P. 12(d).

The claimants contend that the government's claim to the real property defendant is due to be dismissed based on their mortgage; the court assumes they are alleging that they are "innocent owners" of the real-property defendant.  Section 983(d)(1) provides, "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence."  18 U.S.C. § 983(d)(1).  "Innocent ownership is an affirmative defense defined narrowly by the statute." *United States v. $125,938.62*, 537 F.3d 1287, 1293 n.3 (11th Cir. 2008).  The claimant must establish an ownership interest, which includes a mortgage, and that the interest existed prior to illegal activity beginning or after

it began at the location. *Id.* (citing 18 U.S.C. § 983 (d)(2)(A)). If the ownership interest arose after the illegal activity began, the claimant must prove, by a preponderance of the evidence, that he or she was unaware of the illegal activity or that he or she took steps to inform law enforcement of the illegal activity. *Id.* (citing 18 U.S.C. § 983(d)(3)(A)).

"A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)(citing *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*)). Therefore, this case will be dismissed based on claimants' interest in the property as innocent owners only if the allegations in the Amended Complaint show such innocent ownership.

In this case, the government alleges "[t]hat Charles Vann and his wife, Tina Vann, have been identified as co-owners and/or associated with . . . All Star Lab [and] CTV Group, Inc. . . . . (Doc. 2 ¶ 6 (f).) Also, it alleges "Charles Vann and other individuals have been engaged in the sale of 1,4-butanediol on the Internet as an 'industrial cleaner,' from All Star Lab, a business located . . . at 108 Princeton Parkway [SW], Birmingham, Alabama . . . ," and that the Vanns have used the All Star Lab and its warehouse . . . to store and ship 1,4-butanediol, to maintain computers and other business records related to its illegal sale and distribution, and for the storage of marijuana and methamphetamine." (*Id.* ¶ 6 (d), (g).) The substance 1,4-butanediol is classified as a "date rape drug" when sold for human consumption; sale of the substance is illegal when "the seller has knowledge or reasonable

cause to believe that the drug would be used in the commission of criminal sexual conduct or that the [buyer] is not an authorized purchaser." (*Id*. ¶ 6 (b), (c).) The government alleges the Vanns used CTV Group and All Star Lab "to sell and distribute 1,4-butanediol . . . and to conduct numerous financial transactions, including the purchase of [108 Princton Parkway SW], with the proceeds of their illegal drug[-]distribution activity." (*Id*. ¶ 6 (f).)

The claimants' Notice of Claim states that they have an outstanding mortgage on the real property defendant, 108 Princeton Parkway SW, which was executed by Tina Vann as President of CTV Group, Inc, as the purchaser of the property. (Doc. 19.) However, nothing in the Amended Claim demonstrates the claimants' ownership interest in the real-property defendant, 108 Princeton Parkway SW, or that their ownership was "innocent" as defined by statute.

Therefore, the court finds that claimants' Motion to Dismiss is due to be denied.

The claimants also seek an Order from this court declaring that their mortgage interest is superior to the government's forfeiture claim. For the reasons set forth above, the nature of the claimants' interest in the real-property defendant has yet to be proven. However, the court notes that the government's argument – that it must be allowed an opportunity to prove the property is forfeitable before the claimants may establish that they are innocent owners – is somewhat misleading.[3] The claimants may move for summary judgment based on their

_____

[3]The government contends, "Once the government has established that an asset is forfeitable for violation of U.S. laws, then – and *only* then – does the burden shift to the claimant to establish, by a preponderance of the evidence, that he or she is an innocent owner

affirmative defense at any time.  *See* Fed. R. Civ. P. 56(b).  For example, the court may assume the forfeitability of the real-property defendant for summary judgment purposes, leaving claimants to prove, and the government to dispute, by admissible evidence whether claimants are innocent owners as a matter of law.  *See id.* (a), (c).  If at the time the claimants file a Motion for Summary Judgment, the government "cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  *Id*. (d).  However, nothing in the Federal Rules or caselaw within this Circuit requires the court to find, as opposed to **assume**, the real-property defendant is subject to forfeiture before addressing the issue of whether a claimant can establish he or she is an innocent owner.[4]

## CONCLUSION

For the foregoing reasons, the court is of the opinion that claimants' Motion to Dismiss, or in the alternative, Motion for Declaratory Judgment, (doc. 20), is due to be denied.  An Order denying the Motion will be entered contemporaneously with this Memorandum Opinion.

---

of that asset in order to avoid its forfeiture."  (Doc. 25 at 7.)

[4]The establishment of a burden-shifting process ensures that the claimants will not be required to prove their ownership interest in the real-property defendant unless and until the government has proven its right and intention to extinguish that interest.

**DONE**, this 8th day of August, 2011.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE